UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 10-5824 DSF (JEMx) | Date | 9/8/10 |
|---|---|---|---|
| Title | Ross Organic Specialty Sales, Inc. v. Evonik Goldschmidt Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, Los Angeles County for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

Defendants claim the Court has subject matter jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Docket No. 1 ("Notice of Removal").) Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 189, 1090 (9th Cir. 2003). In deciding whether a defendant meets this standard, courts consider 'facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

removal." Id. (internal quotation marks omitted).  Moreover, "[c]onclusory allegations as to the amount in controversy are insufficient."  Id. at 1090-91.

It is not facially evident from the Complaint that the amount in controversy exceeds $75,000 given that the Complaint does not attempt to quantify its alleged damages.  But Defendants rely solely on the allegations in the Complaint for their assertion that the amount in controversy exceeds $75,000, and have not submitted any evidence.  Without more, the Court finds that Defendants failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  For this reason, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.